Judge Underwood,
delivered the opinion of the court.
Parish moved against Wood as sheriff, for the failure of his deputy to return an execution in lime. The execution was made returnable on the 28th February, 1825. In July, 1825, the court rendered a judgment against Wood, for the failure. A, writ of error to' reverse this judgment was prosecuted, and in June, 1828, it was reversed by the court appeals, upon the ground that “there vims no evidence shewing that the person who held up the execution, and made the return was deputy of the princi-Pa^ (to w^’ Wood) against whom the motion wa3 made.” Wherefore the cause was remanded, with directions to overrule the motion with costs, which was accordingly done in July, 1828, by the circuit court. Parish then gave another notice, and at the September term, 1828, moved for judgment against lYood, f0r the same cause. This motion the circuit coart overruled, and Parish has broght up the' case for revision.
Rtr „f 1011 m TUn-oot 11A <z\ motions By the act of 1811 (II. Digest 1143) against sheriffs for failing to return executions were Bndted to two years, with the exception of certain cases enumerated in the proviso. Among these ex-ceptions, and as constituting one of them, “if the plaintiff in the motion obtained judgment, and the was thereafter reversed for any cause other than a decision upon the substantial merits of the demand in chief,” the plaintiffis allowed to prosecute cause. complaint by motion within one year after the reversal. The only question is, was the de-cisión of this court in 1828, and the judgment of the c*rcu*t court in conformity therewith, such a ^decision upon the substantial merits of the demand in chieff as to bar a subsequent motion, or did the reversal take pjace for “any cause other than a decision upon the substantial merits of the demand in chief!” The substantial merits of the demand turned upon the recep-£jon 0f execution, while it was in full force by Wood or his deputy, and the failure to return it *601 without good excuse in the time prescribed by law. If upon inquiry into these things it should be found that the sheriff was liable, then other questions bearing on the substantial merits of the demand might sent themselves. Such for instance as payment or a release of the cause of action or the limitation prescribed, which bars the motion, &c. Now it is dear that the reversal did not take place for any other cause than the failure to prove that Wallace (who had the execution and returned it) was the deputy of Wrood, or to place that proof, if made, in the bill of exceptions. Such a failure of proof or such an omission to transcribe it, justified the reversal; but a reversal upon such grounds cannot be denominated a' decision upon the substantial merits of the demand in 'chief. Therefore we are of opinion that the plaintiff had one year to renew his motion after the reversal, and that the proceedings upon his first motion constituted no bar to a recovery in the second.
Combs for plaintiff; Chinn for defendant.
Wherefore the judgment of the circuit court is reversed with costs, and the cause remanded, with directions to enter judgment in favor of the plaintiff.